IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **JESUS RAMOS** | § § § | |
| Complainant | § § | |
| VS. | § § | CIVIL ACTION NO. __4:20-cv-00014__ |
| **MICHAEL J. CANNON, AND VENTURE LOGISTICS LLC** | § § § | JURY TRIAL DEMANDED |
| Defendants | § § § | |

## ORIGINAL COMPLAINT

COMES NOW, Complainant JESUS RAMOS and files this Original Complaint against Defendants MICHAEL J. CANNON (hereinafter referred to as "CANNON") and VENTURE LOGISTICS LLC (hereinafter referred to as "VENTURE") and alleges as follows:

**1.0    Introduction**

1.1    This cause of action is against Defendant CANNON for his negligence while driving, resulting in a collision with Complainant JESUS RAMOS' vehicle on May 14, 2018. Defendant CANNON's negligence proximately caused Complainant JESUS RAMOS to suffer serious bodily injuries on or about May 14, 2018, on IH 20, in Reeves County, Texas.

1.2    Throughout the entirety of the events, actions, and omissions leading to the collision that forms the basis of this litigation, Defendant CANNON acted within the course and scope of his employment with Defendant VENTURE. Thus, cause of action is brought against Defendant VENTURE under the doctrine of *respondeat Superior*. Defendant VENTURE is vicariously liable for all damages resulting from the actions of Defendant CANNON.

**2.0    Parties**

2.1    Complainant, JESUS RAMOS, is a resident of Farwell, Parmer County, Texas.

2.2    Defendant MICHAEL J. CANNON is a resident of Indiana, and may be served by personal service at his residence, 10 Centerbrook Drive, Franklin, Indiana 46131, or wherever he may be found.

2.3    Defendant VENTURE LOGISTICS LLC is an Indiana Limited Liability Company with its principal place of business in Indianapolis, Indiana, and may be served by serving its registered agent for service, CORPORATION SERVICE COMPANY, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.

**3.0    Jurisdiction**

3.1    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

3.2    Complainant is a resident of Texas. Defendant CANNON is a resident of Indiana. Defendant VENTURE is an Indiana Company with its principal place of business in Indiana. Thus, there is complete diversity of citizenship between Complainant and Defendants.

3.3    The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

**4.0    Venue**

4.1    The United State District Court, Western District of Texas, Pecos Division, maintains jurisdiction over the following Texas counties: Brewster, Culberson, Jeff Davis, Loving, Pecos, Presidio, Reeves, Ward and Winkler.

4.2    Venue of this suite is proper in the Western District of Texas, Pecos Division, pursuant to 28 .S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim made the basis of this Original Complaint occurred in Reeves County, Texas, which lies in the Pecos Division of the Western District of Texas.

**5.0     Facts**

5.1     On or about May 14, 2018, at or about 7:18 pm, Complainant was traveling east on IH 20. Mechanical problems forced Complainant to travel partly on the shoulder of the highway, with his hazard lights on to alert other drivers on the road. Complainant noted Defendant CANNON approaching from behind. Thinking his precautions of carefully driving partly on the shoulder and alerting other drivers via his hazard lights were enough, Complainant returned his focus to the road ahead of him. Unfortunately, these precautions turned out to be insufficient.

5.2     Defendant CANNON, driving a semi-truck and trailer owned by Defendant VENTURE, was literally asleep at the wheel. He admitted this to the investigating officer from the Department of Public Safety (DPS). As a direct result of Defendant CANNON falling asleep, he crashed into Complainant's rear.

5.3     This collision caused severe damage to Complainant's vehicle and debilitating injury to Complainant., including sprained ligaments of his spine and his neck. Complainant's pain prevented significantly hindered his job performance, and even after nearly five months of therapy his ability to perform basic functions is less than prior to the collision.

**6.0     Cause of Action**

### NEGLIGENCE

6.1     Defendant CANNON owed a duty to his fellow motorist, Complainant JESUS RAMOS, to exercise ordinary care while operating the semi-truck in which he traveled.

6.2     Defendant CANNON breached his duty to exercise ordinary care. He admitted to the DPS officer investigating the collision that he fell asleep while driving. This only happened because he drove while fatigued enough to drift off to sleep. He either knew or should have known that driving while fatigued to the point of falling asleep unreasonably endangered everyone with whom he shared

the road, including Complainant JESUS RAMOS. It is foreseeable that driving while fatigued to the point of falling asleep carries an unreasonable risk of harm to other motorists.

6.3     Defendant CANNON's negligence proximately caused Complainant JESUS RAMOS to suffer serious bodily injuries and damages as set forth herein.

## VICARIOUS LIABILITY

6.4     Defendant VENTURE is vicariously liable as a matter of law, for any and all negligence of their employees, pursuant to the doctrine of *respondeat superior* under Texas law.

**7.0     Damages**

7.1     As a result of Defendant CANNON's negligence, Complainant JESUS RAMOS suffered the following damages:

   a. Medical expenses in the past;

   b. Medical expenses, that in reasonable probability, he will suffer in the future;

   c. Physical impairment in the past;

   d. Physical impairment, that in reasonable probability, he will suffer in the future;

   e. Pain and suffering in the past;

   f. Pain and suffering, that in reasonable probability, he will suffer in the future;

   g. Mental anguish in the past;

   h. Mental anguish, that in reasonable probability, he will suffer in the future;

   i. Physical disfigurement in the past; and

   j. Physical disfigurement, that in reasonable probability, he will suffer in the future;

**8.0     Jury Trial**

8.1     Complainant hereby requests a trial by jury, pursuant to the 7th Amendment of the United States Constitution.

**9.0     Prayer**

9.1     WHEREFORE, PREMISES CONSIDERED, Complainant respectfully requests that Defendant be served with summons and after a jury trial herein, Complainant have and recover against Defendant the following relief:

   a. Judgment against Defendant for all of Complainant's actual damages as determined by the evidence;

   b. Pre-judgment and post-judgment interest as provided by law;

   c. Costs of court as provided by law;

   d. Such other relief to which Complainant may be entitled.

> Respectfully submitted,
> THE MATHIS LAW FIRM, PLLC
> P.O. Box 3836
> San Angelo, Texas 76902
> Tel 432-218-5820
> Fax 325-716-4840
>
> BY *Austin Mathis*
> Austin Mathis
> SBN: 24072224
> austinmathis@themathislawfirm.com
> mathisefile@themathislawfirm.com
> *Attorney for Plaintiff*